[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15607
Non-Argument Calendar

_____

D. C. Docket No. 05-00086-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBIN WILSON HORTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 22, 2006)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Robin Wilson Horton appeals his sentence following his guilty plea to

distribution and possession with the intent to distribute four ounces of

methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

On appeal, Horton argues that the district court incorrectly applied the relevant conduct standard of U.S.S.G. § 1B1.3(a)(2) in holding him responsible for between 200 and 350 grams of methamphetamine because the court should only have considered the offense to which he pleaded guilty.

We review the district court's drug-quantity determination for clear error. United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998).

"The guidelines place certain restrictions on what evidence is relevant for guideline sentencing purposes." United States v. Scroggins, 880 F.2d 1204, 1210 n.13 (11th Cir. 1989). Under the guidelines, a defendant's offense level is determined on the basis of

> all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and . . . in the case of a jointly undertaken criminal activity, all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.

U.S.S.G. § 1B1.3(a)(1). Furthermore, for offenses "of a character for which § 3D1.2(d) would require grouping of multiple counts," the defendant is accountable for all acts and omissions described above that were "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Offenses of a character for which § 3D1.2(d) would

2

require grouping include those where the offense level is determined largely on the basis of the total harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, including those offenses covered by, inter alia, § 2D1.1 (offenses involving drugs). U.S.S.G. § 3D1.2(d).

"Offenses form the same course of conduct 'if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses.'" United States v. Blanc, 146 F.3d 847, 852 (11th Cir. 1998) (quoting U.S.S.G. § 1B1.3, comment. (n.9(B))). "Similarly, offenses qualify as a common scheme or plan if they are 'substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi.'" Id. (quoting U.S.S.G. § 1B1.3, comment. (n.9(A))). "In determining whether two or more offenses meet these tests, the sentencing court should consider 'the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses.'" Id. (quoting United States v. Fuentes, 107 F.3d 1515, 1525 (11th Cir. 1997)). "[S]ection 1B1.3 is designed to take account of a pattern of misconduct that cannot readily be broken into discrete identifiable units that are meaningful for purposes of sentencing. Thus, when illegal conduct does exist in discrete, identifiable units apart from the offense of conviction, the

Guidelines anticipate a separate charge for such conduct." Id. (internal quotations and citations omitted).

The sentencing court may consider conduct not contained in the indictment, including drug quantities for which the defendant was not charged, as relevant conduct. United States v. Ignacio Munio, 909 F.2d 436, 439 (11th Cir. 1990). We have held that the testimony by codefendants of a defendant's involvement in other drug distributions was sufficient evidence of such drugs being part of the "same course of conduct or part of a common scheme or plan as the count of conviction" to properly increase the base offense level pursuant to § 1B1.3. United States v. Wilson, 884 F.2d 1355, 1357 (11th Cir. 1989).

In this case, the district court did not clearly err in assigning Horton a base offense level of 28 based on its finding that his relevant conduct included between 200 and 350 grams of methamphetamine because the drug transactions charged in the indictment were sufficiently connected to be considered part of the same course of conduct or a common scheme or plan. In addition, at least four ounces from uncharged drug sales can be attributed to Horton because the circumstances surrounding the drug sales were similar. Moreover, Horton's reliance on United States v. Amedeo, 370 F.3d 1305 (11th Cir. 2004), is misplaced because in that case, the district court incorrectly considered conduct in sentencing Amedeo that

4

was sufficiently distinct from the offense of conviction that it warranted a separate charge.

On appeal, Horton also argues that the district court erred in imposing a two-level sentencing enhancement for possession of a firearm during the drug offense asserting that it was not related to his drug sales, but rather used for protection from an individual who had threatened him.

We review for clear error the district court's findings of fact when it enhances a defendant's sentence in cases involving U.S.S.G. § 2D1.1(b)(1), and review the application of the sentencing guidelines de novo. United States v. Gallo, 195 F.3d 1278, 1280 (11th Cir. 1999).

Section 2D1.1(b)(1) provides a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). Once the government has shown that a firearm was present at the site of the charged conduct, "the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable." United States v. Fields, 408 F.3d 1356, 1358 (11th Cir. 2005), cert. denied, 126 S.Ct. 221( 2005) (quoting United States v. Hall, 46 F.3d 62, 63 (11th Cir. 1995)).

5

Horton failed to establish that the connection between the firearm and the offense was clearly improbable because the firearm was found in an easily accessible location in the vehicle where he conducted drug sales, and the individual who threatened him was incarcerated. Accordingly, the district court did not err in imposing a two-level enhancement for possession of a firearm during the drug transaction.

Upon review of the record on appeal and consideration of the parties' briefs, we find no reversible error.

**AFFIRMED.**