**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Junior HALL, a/k/a Junior Tingle,
Defendant–Appellant.**

No. 93–2674.

United States Court of Appeals,
Eleventh Circuit.

Feb. 7, 1995.

Ronald R. Findell, Casselberry, FL, for appellant.

C. Richard Newsome, Orlando, FL, Tamra Phipps, Gregory N. Miller, Asst. U.S. Attys., Tampa, FL, for appellee.

Before COX, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Junior Tingle [1] pled guilty to a charge of conspiracy to import marijuana in violation of 21 U.S.C. § 963. He challenges the district court's increase of his offense level by two levels pursuant to U.S.S.G.

---

1. Tingle is also referred to as Junior Hall.

§ 2D1.1(b)(1) for possession of a firearm. We affirm.

## Background

Tingle was a subject of a wiretap that led to the issuance of a search warrant for his house. Agents executing the warrant discovered in Tingle's bedroom a set of scales, a ziplock bag with cocaine residue, a purse containing $12,000, and a .357 Smith & Wesson handgun placed in a dresser drawer next to an undetermined amount of cash. The investigation uncovered nothing besides the circumstances of the handgun's discovery to suggest that the handgun was actually used in the commission of the offense.

Based on the wiretap and the search, Tingle was indicted for conspiracy to import marijuana in violation of 21 U.S.C. § 963, among other offenses. He pled guilty to the conspiracy charge. At sentencing, the Government contended that the presence of the handgun in the bedroom close to the drug-related items required a two-level enhancement of Tingle's offense level pursuant to U.S.S.G. § 2D1.1(b)(1). The district court agreed and determined Tingle's offense level to be 17. The court sentenced Tingle to twenty-four months in prison and three years of supervised release. Tingle appeals.

## Issue and Standards of Review

■ Tingle challenges only the two-level enhancement for possession of a firearm. We review the district court's application of the Sentencing Guidelines de novo. *United States v. Herrera*, 931 F.2d 761, 762 (11th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1588, 118 L.Ed.2d 306 (1992). We review findings of fact for clear error only. 18 U.S.C.A. § 3742(e) (West Supp.1994); *see United States v. Martinez*, 924 F.2d 209, 210 (11th Cir.), *cert. denied,* 502 U.S. 870, 112 S.Ct. 203, 116 L.Ed.2d 163 (1991).

## Discussion

Sentencing Guidelines subsection 2D1.1(b)(1) provides that the offense level for a drug offense is increased by two levels if "a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1) (1991). The commentary to the subsection explains that "[t]he adjustment should be applied if the weapon was present, *unless* it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n. 3) (1991) (emphasis added).[2]

■ Tingle contends that the district court erroneously increased his offense level because the Government presented no evidence showing that the handgun was connected to the charged offense. Rather, Tingle asserts, the Government merely showed that the handgun was in the same room with objects ordinarily associated with the drug trade: scales, a ziplock bag containing cocaine residue, and a large amount of cash. The Government responds that it has carried its burden under subsection 2D1.1(b)(1): once the Government has shown proximity of the firearm to the site of the charged offense, the evidentiary burden shifts to the defense to demonstrate that a connection between the weapon and the offense is "clearly improbable." Five circuits have so held. *See United States v. Cochran*, 14 F.3d 1128, 1132 (6th Cir.1994); *United States v. Cantero*, 995 F.2d 1407, 1410 (7th Cir.1993); *United States v. Corcimiglia*, 967 F.2d 724, 727–28 (1st Cir. 1992); *United States v. Roberts*, 980 F.2d 645, 647 (10th Cir.1992); *United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir.1989). One circuit has held to the contrary. *United States v. Khang*, 904 F.2d 1219, 1223 n. 7 (8th Cir.1990). This circuit has apparently not addressed the issue.

■ We agree with the majority view. Once the prosecution has shown by a preponderance of the evidence that the firearm was present at the site of the charged conduct, the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable. This result follows from the plain language of the Guidelines. Subsection 2D1.1(b)(1) itself

---

2. "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erro- neous reading of, that Guideline." *Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993). Tingle does not challenge the commentary to section 2D1.1.

does not require a connection between the offense and the firearm. It requires only that the firearm have been possessed by the defendant. U.S.S.G. § 2D1.1(b)(1). The commentary, moreover, provides simply that "the adjustment should be applied if the weapon was present...." *Id.* comment. (n. 3). If a weapon was present, the enhancement applies *unless* a connection was clearly improbable. *Id.* We thus conclude that presence of the weapon is all the Government need show. It is the defendant's burden to show that he qualifies for the exception that a connection to the offense is clearly improbable.

■ In light of our interpretation of the Guidelines, we conclude that the district court's finding that Tingle possessed the weapon was not clearly erroneous, and that the district court properly increased Tingle's offense level. The proximity of the handgun to several drug-related objects, located in the house where conversations concerning the marijuana importation occurred, sufficiently showed that the handgun was possessed during the offense. *See Restrepo,* 884 F.2d at 1296; *United States v. Saget,* 991 F.2d 702,

714 (11th Cir.) (implying that constructive possession suffices to support enhancement), *cert. denied,* — U.S. —, 114 S.Ct. 396, 126 L.Ed.2d 344 (1993). Furthermore, Tingle presented no evidence to suggest that a connection between the handgun and the marijuana importation was clearly improbable. Thus, the district court correctly concluded that the exception provided in the commentary is unavailable.

### Conclusion

Concluding that the district court's findings of fact are not clearly erroneous and that the district court correctly applied the Sentencing Guidelines in enhancing Tingle's offense level, we AFFIRM Tingle's sentence.

AFFIRMED.