[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 30, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12662
Non-Argument Calendar

_____

D. C. Docket No. 05-00018-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN MCCLOUD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 30, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Glenn McCloud appeals his 240-month sentence for distribution

of cocaine, in violation of 21 U.S.C. § 841(a)(1). McCloud appeals the district court's use of judge-found facts to increase his sentence under the United States Sentencing Guidelines ("guidelines") system, pursuant to *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). McCloud also contests the district court's finding that facts used to increase his sentence were proven by a preponderance of the evidence.

McCloud argues on appeal that the district court erred by enhancing his sentence based on facts that were neither admitted by him nor proven to a jury under a mandatory guidelines system. Specifically, McCloud argues that his base offense level should not have been calculated based on cocaine seized from the two apartments he rented for use by himself and his co-conspirators in their drug dealing operation, and should not have been enhanced by the presence of a handgun during the charged offense, because he did not admit possession of the additional cocaine or the handgun, and those facts were not proven to a jury. McCloud also contends that the district court applied the guidelines as mandatory, rather than advisory, because the court did not explicitly state that they were advisory, or consider other factors in fashioning his sentence.

We review preserved-error *Booker* claims on appeal *de novo*, but reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005)

2

(citation omitted).  There are two harmless error standards; one is applicable to *Booker* constitutional errors, and the other to *Booker* statutory errors.  *United States v. Mathenia*, 409 F.3d 1289, 1291 (11th Cir. 2005).  A *Booker* constitutional error violates an individual's Sixth Amendment right to trial by jury, where a judge enhances an individual's sentence based solely on judicially found facts pursuant to a mandatory guidelines system.  *Paz*, 405 F.3d at 948.  However, "the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional."  *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir.), *cert. denied*, 125 S. Ct. 2935, 162 L. Ed. 2d 866 (2005).  *Booker* statutory error occurs when the district court applies the guidelines as mandatory, rather than advisory.  *United States v. Shelton*, 400 F.3d 1325, 1329-30 (11th Cir. 2005).

After reviewing the record, we conclude that the district court did not commit *Booker* constitutional or statutory error because it applied the guidelines as advisory, rather than mandatory.  The record demonstrates that during McCloud's Rule 11 hearing prior to sentencing, the district court explicitly acknowledged that the guidelines were advisory, but ultimately chose to sentence him to the statutory maximum within the guidelines, observing that McCloud could easily have received a much harsher sentence if not for the benefit of his plea agreement.

McCloud also argues on appeal that the government did not meet its burden

3

of proving by a preponderance of the evidence that he should be held accountable for the additional cocaine seized from his apartments and included in his relevant conduct, or for the handgun that was present during the charged offense and used to enhance his sentence. McCloud contends that the evidence connecting him with the apartments where the cocaine was seized was insufficient, in the absence of any physical evidence directly linking him to the cocaine. He also argues that his sentence should not have been enhanced for possession of a firearm because he never admitted to that conduct.

Although *Booker* has rendered the sentencing guidelines merely advisory, the standards used to review the application of the guidelines remain the same. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). We review the district court's factual findings for clear error and its application of the guidelines to those facts *de novo*. *United States v. Trujillo*, 146 F.3d 838, 847 (11th Cir. 1998). "When a defendant objects to a factual finding that is used in calculating his guideline sentence, such as drug amount, the government bears the burden of establishing the disputed fact by a preponderance of the evidence." *Rodriguez*, 398 F.3d at 1296 (citation omitted).

> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of

4

contraband that were within the scope of the criminal activity that he jointly undertook.

U.S.S.G. § 1B1.3, comment. (n.2).

Section 2D1.1(b)(1) provides a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). "Once the prosecution has shown by a preponderance of the evidence that the firearm was present at the site of the charged conduct, the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable." *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995).

After reviewing the record, we conclude that the district court did not clearly err by finding that a preponderance of the evidence supported basing McCloud's offense level on additional cocaine seized from his apartments, or by enhancing his sentence based on the presence of a handgun during the offense conduct. The government established McCloud's legal possession of the two apartments through paperwork, intercepted phone conversations, his possession of keys to both apartments at the time of his arrest, and police observation of McCloud or his vehicle at each apartment on the day of his arrest, prior to the searches. McCloud

5

did not present any evidence that he was not in legal possession of the apartments, but instead established only that no physical evidence seized during the searches linked him to the particular drugs that were found in the apartments. The district court did not need evidence linking McCloud to the particular drugs seized from his apartments in order to hold him accountable for those drugs at sentencing because they were reasonably foreseeable drug quantities within the scope of McCloud's joint criminal undertaking.

A preponderance of the evidence established that McCloud's co-conspirator possessed a firearm during the charged offense drug sale, and another firearm was found during the search of one of McCloud's apartments. McCloud did not present any evidence that the firearms were not connected to the charged offense or his relevant conduct, so the district court did not clearly err by enhancing his sentence based on their presence.

For the foregoing reasons, we affirm McCloud's sentence.

**AFFIRMED.**