[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10709
Non-Argument Calendar

_____

D.C. Docket No. 06-14030-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

AUGUSTIN OLIVIER,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 26, 2008)**

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Augustin Olivier appeals his convictions and 151-month sentences for

(1) conspiracy to possess, with the intent to distribute, 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, and a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 846; and (2) possession, with intent to distribute, 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

On appeal, Olivier makes three arguments. First, he argues that the district court erred by not sua sponte severing his and a codefendant's trials, pursuant to Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), when the government impeached the codefendant with her post-arrest statements, which also implicated him in the crime. Second, Olivier maintains that the evidence was insufficient to support his conviction. Finally, Oliver asserts that the district court clearly erred in applying a two-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), because he did not possess the firearm discovered by law enforcement officers in connection with the crime.

## I. Severance

Ordinarily, we review a district court's Bruton rulings for an abuse of discretion, and subject "improperly admitted Bruton evidence to review for harmlessness beyond a reasonable doubt." United States v. Turner, 474 F.3d 1265,

1275 (11th Cir. 2007), pet. for cert. filed, (U.S. June 5, 2007) (No. 07-5686).

However, if a defendant fails to raise a contemporaneous Bruton objection, the

review is for plain error. See id. For us to correct an error under plain error

review, there must be "(1) error, (2) that is plain and (3) that affects substantial

rights. If all three conditions are met, [we] may then exercise . . . discretion to

notice a forfeited error, but only if (4) the error seriously affects the fairness,

integrity, or public reputation of judicial proceedings." Id. at 1276.

In Bruton, the Supreme Court held that a defendant's Sixth Amendment

right of confrontation was violated by the admission of a codefendant's

"powerfully incriminating extrajudicial statement," and a district court's

instruction that the jury only consider the confession against the codefendant does

not cure the violation. Bruton, 391 U.S. at 135-36, 88 S.Ct. at 1627-28. However,

in Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971), the

Supreme Court held that, as long as the codefendant is subject to cross-

examination, there is no Confrontation Clause issue. Nelson, 402 U.S. at 627, 629-

30, 91 S.Ct. at 1726-27; see also United States v. Arias-Izquierdo, 449 F.3d 1168,

1184-85 (11th Cir. 2006), cert. denied, 127 S.Ct. 521 (2006); United States v.

Clemons, 32 F.3d 1504, 1510-11 (11th Cir. 1994).

In Arias-Izquierdo, the district court denied a defendant's motion for

3

severance following a law enforcement officer's testimony that a codefendant, in post-arrest statements, informed officers that he had planned the crime and recruited "the other five." Arias-Izquierdo, 449 F.3d at 1184. We held that the district court did not err in denying the motion because the codefendant testified at trial and was available for cross-examination. Id. at 1185. Likewise, in this case the codefendant was available for cross-examination, and thus, the district court did not plainly err by not severing Olivier's and a codefendant's trials.

## II. Sufficiency of the Evidence

"We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). A defendant's conviction must be affirmed unless a jury could not, under a reasonable construction of the evidence, have found him guilty beyond a reasonable doubt. Id. "All reasonable inferences and credibility choices must be made in favor of the government and the jury's verdict." Id. "When a defendant does not move the district court for a judgment of acquittal at the close of the evidence, we may reverse the conviction only to prevent a manifest miscarriage of justice." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). "This standard requires the appellate court to find that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." Id.

4

"To sustain a conviction for conspiracy to possess cocaine with intent to distribute, the government must prove beyond a reasonable doubt that (1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it." United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005), cert. denied, 547 U.S. 1047, 126 S.Ct. 1635 (2006). The agreement forming the basis of the conspiracy can be proved "by circumstantial evidence, through 'inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme.'" United States v. Obregon, 893 F.2d 1307, 1311 (11th Cir. 1990) (citation omitted). A jury may infer a defendant's participation in a conspiracy from the circumstance. Hernandez, 433 F.3d at 1333. However, mere presence is insufficient to support a conviction for conspiracy, but the jury is permitted to consider presence as a probative factor in determining whether the defendant knowingly and intentionally participated in a criminal scheme. Id.

"To sustain a conviction for possession of a controlled substance with intent to distribute, the government must show that a defendant knowingly possessed the controlled substance with the intent to distribute it," and possession may be proved through either actual or constructive possession. Id. "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself

5

or dominion or control over the premises or the vehicle in which the object is concealed. Intent to distribute may be inferred from the amount of [the drug] involved." Id. (internal citation omitted) (alteration in original).

Based on this record, we find sufficient evidence to support Olivier's convictions. Although Olivier denied any involvement, the jury was entitled to disbelieve him and sufficient evidence supported the conclusion that he was a knowing and voluntary participant in supplying an undercover informant a total of 111.1 grams of crack cocaine.

### III. U.S.S.G. § 2D1.1(b)(1)

We review a district court's factual findings for clear error, and the application of the guidelines to those facts de novo. United States v. Pham, 463 F.3d 1239, 1245 (11th Cir. 2006). A factual finding is clearly erroneous when we are "left with a definite and firm conviction that a mistake has been committed" after we review all of the evidence. United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004).

The guidelines call for a two-level enchantment "[i]f a dangerous weapon (including a firearm) was possessed" during a drug offense. U.S.S.G. § 2D1.1(b)(1). Application Note 3 of the provision provides that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the

weapon was connected with the offense.  For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." Id. § 2D1.1, cmt. (n.3).  The government has the burden under § 2D1.1(b)(1) to demonstrate the proximity of the firearm to the site of the charged offense by a preponderance of the evidence.  United States v. Hall, 46 F.3d 62, 63 (11th Cir. 1995).  If the government is successful, "the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable." Id.

In Hall, the defendant pled guilty to conspiracy to commit a drug offense, and the district court increased his level by two, pursuant to § 2D1.1(b)(1), based on the fact that law enforcement officers found "a set of scales, a ziplock back with cocaine residue, a purse containing $12,000, and a .357 Smith & Wesson handgun placed in a dresser drawer next to an undetermined amount of cash" in his home. Id. at 62-63.  Additionally, there was no evidence, other than the discovery of the handgun, suggesting that it actually had been used in the commission of the offense. Id. at 63.  We affirmed, holding that the district court's finding that the § 2D1.1(b)(1) enhancement was applicable was not clearly erroneous because the weapon was found in the home, where part of the conspiracy occurred, was in close proximity to the drug-related, and the defendant presented no evidence to

7

show it was clearly improbable that the firearm was not connected to the crime. See id. at 64.

Here, the district court did not clearly err in applying a two-level enhancement for possession of a dangerous weapon because the firearm was found at the residence of the charged offense, a codefendant identified the weapon as Olivier's and Olivier did not establish that the connection between the weapon and offense was "clearly improbable."

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.

**AFFIRMED.**