[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 16, 2008
THOMAS K. KAHN
CLERK

No. 07-15141
Non-Argument Calendar

_____

D. C. Docket No. 07-00151-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS NELSON-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 16, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Douglas Nelson-Martinez appeals the sentence he received after being

convicted of (1) conspiracy to possess with intent to distribute at least 5 kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. § 70506(a) and (b), and (2) possession with intent to distribute at least 5 kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), and 46 U.S.C. § 70503(a)(1). His aggregate sentence of 87 months' incarceration, followed by 5 years supervised release, was at the low end of the Guidelines range. On appeal, Nelson-Martinez argues that the district court improperly applied the Guidelines by enhancing his offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon.[1]

## I.

We review a district court's interpretation of the Guidelines de novo, but accept the district court's factual findings unless they are clearly erroneous. *United States v. Crawford*, 407 F.3d 1174, 1177-78 (11th Cir. 2005).

A district court must correctly apply the Guidelines to calculate the

---

[1] On appeal, Nelson-Martinez attempts to adopt his codefendants' briefs that have been filed in separate appellate cases. He failed, however, to separately move to be permitted to adopt the briefs and describe in detail the portions of the briefs that he desires to adopt. Therefore, we do not consider him to have adopted any portion of his codefendants' briefs. *See* 11th Cir. R. 28-1(f) (requiring "a statement describing in detail which briefs and which portions of those briefs are adopted"); *United States v. Bichsel*, 156 F.3d 1148, 1150 n.1 (11th Cir. 1998) (per curiam) (holding that defendants may not adopt and rely on briefs of another case unless they separately move for adoption and the motion is granted).

Guideline range.  *Crawford*, 407 F.3d at 1179.  In applying the Guidelines, the court may rely upon the factual statements concerning relevant conduct in the PSI unless the defendant objects to those statements.  *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005).  While explicit findings of fact and determinations are preferred, a court's failure to make such findings and determinations does not require remand, if the record clearly supports the court's implicit determination.  *United States v. Villarino*, 930 F.2d 1527, 1528-29 (11th Cir. 1991).

Under the Guidelines, if a defendant possesses a dangerous weapon in relation to a drug offense, his offense level is increased by 2 levels.  U.S.S.G. § 2D1.1(b)(1).  The commentary instructs that the weapon enhancement should be applied if a weapon was present, unless it was clearly improbable that the weapon was connected with the offense.  *Id.* cmt. n.3.  The commentary states that an unloaded hunting rifle in a residential closet would be an example of clear improbability.  *Id.*  The government bears the burden of establishing the existence of the weapon and its proximity to the site of the offense.  *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995) (per curiam).  Once the government meets its burden, the burden shifts to the defendant to "show that a connection between the firearm and the offense is clearly improbable."  *Id.*

3

Even if a co-conspirator was the actual possessor of the weapon, the weapon enhancement under § 2D1.1(b)(1) may apply. *United States v. Stanley*, 24 F.3d 1314, 1322-23 (11th Cir. 1994). If the enhancement is based on a co-conspirator's possession, the government must establish that the conspirator was charged and possessed the weapon in furtherance of the conspiracy, and that the defendant whose offense level is being enhanced was a member of the conspiracy at the time of the possession. *Id.* Furthermore, we held in *United States v. Pessefall*, 27 F.3d 511, 515 (11th Cir. 1994), that it was reasonably foreseeable that a co-conspirator would use a weapon to protect cocaine during unloading.

Having reviewed the record and the briefs of the parties, we discern no error. Because Nelson-Martinez joined the conspiracy knowing that weapons were onboard the vessel and that cocaine was being transported, the district court properly increased his offense level by two levels under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. Accordingly, we affirm the district court's sentence.

**AFFIRMED**