[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15556
Non-Argument Calendar

_____

D. C. Docket No. 07-00151-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ENRIQUE FLORES-MOYA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 30, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Luis Flores-Moya appeals his low-end, Guideline range, aggregate sentence

of 87 months' incarceration, followed by 5 years supervised release, that he received after being convicted of (1) conspiracy to possess with intent to distribute at least 5 kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. § 70506(a) and (b), and (2) possession with intent to distribute at least 5 kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), and 46 U.S.C. § 70503(a)(1). On appeal, Flores-Moya argues that the district court improperly applied the Guidelines by enhancing his offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon because he had no knowledge of or connection to the weapons.

## I.

We review a district court's interpretation of the Guidelines de novo, but accept the district court's factual findings unless they are clearly erroneous. *United States v. Crawford*, 407 F.3d 1174, 1177-78 (11th Cir. 2005).

A district court must correctly apply the Guidelines to calculate the Guideline range. *Crawford*, 407 F.3d at 1179. In applying the Guidelines, the court may rely upon the factual statements concerning relevant conduct in the PSI unless the defendant objects to those statements. *United States v. Shelton*,

2

400 F.3d 1325, 1330 (11th Cir. 2005). While explicit findings of fact and determinations are preferred, a court's failure to make such findings and determinations does not require remand, if the record clearly supports the court's implicit determination. *United States v. Villarino*, 930 F.2d 1527, 1528-29 (11th Cir. 1991).

Under the Guidelines, if a defendant possesses a dangerous weapon in relation to a drug offense, his offense level is increased by 2 levels. U.S.S.G. § 2D1.1(b)(1). The commentary instructs that the weapon enhancement should be applied if a weapon was present, unless it was clearly improbable that the weapon was connected with the offense. *Id.* cmt. n.3. The commentary states that an unloaded hunting rifle in a residential closet would be an example of clear improbability. *Id.* The government bears the burden of establishing the existence of the weapon and its proximity to the site of the offense. *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995) (per curiam). Once the government meets its burden, the burden shifts to the defendant to "show that a connection between the firearm and the offense is clearly improbable." *Id.*

Even if a co-conspirator was the actual possessor of the weapon, the weapon enhancement under § 2D1.1(b)(1) may apply. *United States v. Stanley*, 24 F.3d 1314, 1322-23 (11th Cir. 1994). If the enhancement is based on a co-conspirator's

possession, the government must establish that the conspirator was charged and possessed the weapon in furtherance of the conspiracy, and that the defendant whose offense level is being enhanced was a member of the conspiracy at the time of the possession. *Id.* Furthermore, we held in *United States v. Pessefall*, 27 F.3d 511, 515 (11th Cir. 1994), that it was reasonably foreseeable that a co-conspirator would use a weapon to protect cocaine during unloading.

Having reviewed the record and the briefs of the parties, we discern no error. Because Flores-Moya boarded the vessel in order to participate in a drug trafficking conspiracy, and weapons intended for protection were found onboard, the district court properly increased his offense level by two levels under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. Accordingly, we affirm the district court's sentence.

**AFFIRMED**