[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 02, 2008
THOMAS K. KAHN
CLERK

No. 07-15080
Non-Argument Calendar

_____

D. C. Docket No. 07-00043-CR-BAE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES REED GRIFFIN,
a.k.a. "40",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 2, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

James Griffin appeals his 210-month sentence imposed after his plea of guilty to distribution of five grams or more of cocaine base under 21 U.S.C. § 841(a)(1). Griffin argues the district court improperly determined he "possessed" a firearm for purposes of § 2D1.1(b)(1) when it was found at his girlfriend's apartment and he denied ownership.

We review the district court's interpretation of the sentencing guidelines de novo and its factual findings for clear error. United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005). "Possession of a firearm for sentencing purposes is a factual finding." United States v. Geffrard, 87 F.3d 448, 452 (11th Cir. 1996).

According to U.S.S.G. § 2D1.1(b)(1), a court should increase the offense level by two "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). If the government shows by a preponderance of the evidence that the firearm was present at the site, the burden shifts to the defendant to show that the connection between the firearm and the offense is clearly improbable. United States v. Hall, 46 F.3d 62, 63 (11th Cir. 1995). The enhancement is also applied whenever the defendant possessed a firearm during conduct relevant to the offense of conviction. United States v. Smith, 127 F.3d 1388, 1390 (11th Cir. 1997). Thus, the government need not show a connection between the offense and the firearm, only that it was possessed by the

2

defendant. Hall, 46 F.3d at 63-64.

In Hall, we held that the "proximity of the handgun to several drug-related objects [and its location] in the house where [drug-related] conversations . . . occurred" is sufficient to show the gun was "present." 46 F.3d at 64. In Hall, the gun was found in a bedroom where drug paraphernalia was located. Id. at 63. We expanded this concept in United States v. Hansley, 54 F.3d 709, 716 (11th Cir. 1995), holding that a gun was "present" when it was located in the defendant's home with other drug-related items and conspiratorial conversations took place. This was further clarified in United States v. Trujillo, 146 F.3d 838, 847 (11th Cir. 1998), where we held a gun was "present" when it was in an office of a warehouse separated from the location of the drugs and the defendant had engaged in cocaine transactions in the warehouse. .

In the present case, the gun was located in the same apartment where Griffin was selling drugs. This is sufficient under Trujillo to show it was "present." 146 F.3d at 847. Furthermore, a cell phone answered by Griffin and used to arrange the drug sale was found alongside the gun in the bag. This puts the gun in proximity to an item used in connection with the drug transaction, meeting the initial standard set out in Hall for the gun to be "present." 46 F.3d at 64.

Accordingly, we conclude that the district court did not clearly err by

3

applying the two level enhancement. We, therefore, affirm.

**AFFIRMED.**