[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 07-12443

————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 12, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20734-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMOND LEVAIL OSLEY,
a.k.a. D-LO(1),

Defendant-Appellant.

————————

No. 08-12262

————————

D. C. Docket No. 06-20734-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMOND LEVAIL OSLEY,
a.k.a. D-LO,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Florida

**(December 12, 2008)**

Before DUBINA, BLACK and FAY, Circuit Judges.

PER CURIAM:

This is a case arising under the *Mann* Act, which criminalizes the transportation of an individual across state lines for the purposes of prostitution. *See* 18 U.S.C. §§ 2421-2423.

Appellant Demond Levail Osley ("Osley") appeals his convictions and sentences for various offenses involving the sexual trafficking of a minor. The issues presented on appeal are:

(1) Whether the district court properly overruled Osley's *Batson*[1] challenges during jury selection.

(2) Whether the district court properly denied Osley's motion for mistrial after the jury heard a portion of a taped interview with the victim after the parties agreed the statement would not be admitted.

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986).

(3) Whether the district court properly denied Osley's motion for a new trial based on newly discovered evidence.

(4) Whether the district court properly determined Osley's sentence based on the cross-reference provision in U.S.S.G. § 2G1.3(c)(3).

(5) Whether the district court clearly erred in applying the vulnerable victim enhancement to the guideline calculation at sentencing.

(6) Whether the district court applied an upward departure that was unreasonable and without notice as required under Fed.R.Crim.P. 32(h).

This court gives great deference to a district court's finding on a *Batson* challenge of whether a defendant has shown a prima facie case of impermissible discrimination by the Government. *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1039 (11th Cir. 2005). The district court's finding is one of fact and will not be disturbed on appeal "unless it is clearly erroneous or appears to have been guided by improper principles of law." *United States v. Williams*, 936 F.2d 1243, 1246 (11th Cir. 1991); *see also Rice v. Collins*, 546 U.S. 333, 126 S. Ct. 969 (2006) (noting that on direct appeal the court reviews for clear error the trial court's credibility findings in a *Batson* inquiry).

The district court's denial of a motion for mistrial is reviewed for an abuse of discretion. *United States v. Ettinger*, 344 F.3d 1149, 1161 (11th Cir. 2003).

This court will review a district court's findings of fact regarding sentencing for clear error and will review the district court's application of those facts to the sentencing guidelines *de novo*. *United States v. Smith*, 127 F.3d 1388, 1389 (11th Cir. 1997); *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995). The ultimate sentence is reviewed for reasonableness; "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory [g]uidelines range, [the Court of Appeals] ordinarily will expect that choice to be a reasonable one." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Consequently, the appellate court's review for sentence reasonableness is deferential. *Id.*

This court reviews for abuse of discretion the district court's denial of a motion for new trial based on newly discovered evidence. *United States v. Noriega*, 117 F.3d 1206, 1217 (11th Cir. 1997).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that the district court properly overruled Osley's challenges during jury selection because Osley failed to show that the Government's reasons for striking certain jurors were discriminatory. The government eliminated those jurors who said their family members were not treated fairly by the justice system or had a family member whose case was

pending. No comparable jurors were left on the jury. Accordingly, the government's strikes were race-neutral.

We also conclude from the record that the district court properly denied Osley's motion for mistrial because Osley failed to show how the evidence overheard by the jury was prejudicial.

Concerning the claim that the district court erred in denying his motion for new trial, we conclude that Osley's characterization of the testimony of H.W. as perjury is incorrect and, as such, Osley is not entitled to a new trial.

To determine whether a sentence was imposed due to a Guidelines departure or a § 3553(a) variance, this court should look to the process taken by the district court in making its determination. *United States v. Irizarry*, 458 F.3d 1208, 1211-1212 (11th Cir. 2006). Here, our review of the district court's procedure does not clarify whether the court imposed a departure or a variance. Although the district court discussed the § 3553(a) factors as it would in imposing a variance, it also stated that it would increase the offense level by three levels to determine a new guidelines range, which is more akin to a departure. The court did not, however, cite any specific guideline supporting a upward departure. The court also stated that it believed the three-level *variance* was justified, but then imposed a sentence within the newly determined guidelines range. (R6 at 29-31). Thus, it seems that

5

the court mixed its terminology by departing up three levels at the same time as

stating it was imposing a variance.  Because it is unclear whether the court

imposed a variance or a departure, we vacate Osley's sentences and remand for

resentencing.[2]

**AFFIRMED in part, VACATED and REMANDED in part.**

---

[2]We see no error in the district court's application of the cross-reference provision referenced in U.S.S.G. § 2G1.3(c)(3) and in its application of the vulnerable victim enforcement referred in U.S.S.G. § 3A1.1(b)(1).