[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14373
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00169-CR-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES DANIEL CRAIG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 14, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Daniel Craig appeals his 180-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 846 and five counts of using a communication facility in committing, causing, or facilitating a drug conspiracy in violation of 21 U.S.C. § 843(b). On appeal, Craig argues that the district court clearly erred in applying a two-level specific offense characteristic under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm. He maintains that weapons recovered from his residence "were older, garden variety firearms" and that it was clearly improbable that the weapons were connected to the offense.

We review "the district court's application of the Sentencing Guidelines de novo" and its findings of fact for clear error. United States v. Hall, 46 F.3d 62, 63 (11th Cir. 1995). The offense level for a drug offense is increased by two levels if "a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). "The adjustment [for possessing a weapon] should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). "Once the prosecution has shown by a preponderance of the evidence that the firearm was present at the site of the charged conduct, the evidentiary burden shifts to the

defendant to show that a connection between the firearm and the offense is clearly improbable." Hall, 46 F.3d at 63.

Upon review of the record and consideration of the parties' briefs, we discern no error. The evidence at trial established that the firearms were present at Craig's residence, where he received large quantities of cocaine on numerous occasions. Because Craig failed to show that a connection between the weapons and the offense was clearly improbable, the district court did not clearly err in applying the two-level specific offense characteristic under U.S.S.G. § 2D1.1(b)(1). Accordingly, we affirm.

**AFFIRMED.**