[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16281
Non-Argument Calendar

_____

D. C. Docket No. 07-00233-CR-9-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERON HALL,
a.k.a. D-Shock,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 14, 2009)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Deron Hall appeals his sentence of 90 months of imprisonment for conspiracy to possess with intent to distribute at least five kilograms of cocaine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), 846. Hall argues that the district court should not have enhanced his sentence by two levels for the possession of a firearm. We affirm.

We review de novo the application of an enhancement for the possession of a dangerous weapon to a sentence. United States v. Pham, 463 F.3d 1239, 1245 (11th Cir. 2006). A district court may enhance a sentence by two levels "[i]f a dangerous weapon (including a firearm) was possessed" during an offense involving drugs. U.S.S.G. § 2D1.1(b)(1). A defendant charged in a conspiracy to distribute drugs may receive a two-level enhancement for the possession of a firearm when a coconspirator possessed the weapon in furtherance of the conspiracy and the possession was reasonably foreseeable by the defendant. United States v. Fields, 408 F.3d 1356, 1359 (11th Cir. 2005). "Once the government shows that a firearm was present, 'the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable.'" Id. (quoting United States v. Hall, 46 F.3d 62, 63 (11th Cir. 1995)).

The district court did not err by enhancing Hall's sentence. Hall argues that the government failed to prove he knew about, possessed, or saw a coconspirator in possession of a firearm during the drug conspiracy, but that argument is incredible in the light of the evidence that Hall worked for a national organization, the Black Mafia Family, that distributed cocaine and transported drugs and firearms in hidden compartments of modified high-end luxury cars. Hall loaded and unloaded cocaine from a storage facility and a Hummer sport utility vehicle where law enforcement discovered several firearms. Even if Hall did not possess a firearm, it was reasonably foreseeable that a cohort possessed a firearm during the conspiracy. See United States v. Westry, 524 F.3d 1198, 1221 (11th Cir.), cert. denied, 129 S. Ct. 251 (2008), and, 129 S. Ct. 902 (2009); Pham, 463 F.3d at 1245–46; Fields, 408 F.3d at 1359. Hall failed to present any evidence that the connection between the firearms and the conspiracy was clearly improbable.

Hall's sentence is **AFFIRMED**.