[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14271
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 8, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00224-WTM-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL L. WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 8, 2012)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

After entering an unconditional guilty plea, Michael L. Williams appeals his conviction and 42-month sentence for possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841. After review, we affirm.

## I. BACKGROUND

On June 6, 2010, in Savannah, Georgia, a police officer on patrol approached Defendant Williams, who was sleeping on his sister's porch. The officer noticed a handgun between Williams's feet and called for backup. The officer then secured the handgun, woke Williams, and asked Williams for identification. Williams told the officer that he had identification in his pocket and gave the officer permission to retrieve it. While searching Defendant Williams for identification, the officer discovered 34.4 grams of marijuana, 5.54 grams of powder cocaine, and 4 grams of cocaine base.

A grand jury indicted Defendant Williams on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). Williams unconditionally pled guilty to the drug offense, and the government agreed to dismiss the firearm offense.

The presentence investigation report ("PSI") calculated Williams's total offense level as 15, which included (1) a base offense level of 16 under U.S.S.G.

2

§ 2D1.1(c)(12), (2) a two-level enhancement under § 2D1.1(b)(1) for possessing the handgun during the § 841 offense, and (3) a three-level reduction under § 3E1.1(a) and (b) for acceptance of responsibility. Williams's criminal history yielded 13 criminal history points and a criminal history category of VI. These calculations yielded a Guidelines range of 41 to 51 months.

At sentencing, Williams objected to the two-level enhancement for possessing the handgun. Although conceding that Williams was on the porch and that the handgun was next to Williams, defense counsel offered to have Williams's sister testify that she looked out on the porch about an hour before the police officers arrived and did not see a handgun. Defense counsel also offered to have Williams testify that he "passed out from consuming alcohol and drugs" on the night of his arrest, did not have a gun when he passed out, and knew neither where the gun came from nor to whom it belonged. After clarifying that Williams's sister would testify only that the handgun was not present an hour before the officers arrived, the district court overruled the objection.

The district court granted a downward departure on the ground that Williams's criminal history category of VI overstated his criminal history but otherwise adopted the PSI's Guidelines calculations. After reducing Williams's criminal history category to V, the district court calculated a Guidelines range of

3

37 to 46 months' imprisonment.  After hearing Williams's mitigation arguments, the district court imposed a 42-month sentence.

## II. DISCUSSION

### A. Conviction

On appeal, Williams attempts to challenge the district court's denial of his motion to suppress.  However, we decline to review Williams's conviction because he unconditionally pled guilty to the § 841 drug offense and therefore waived any non-jurisdictional defect in the conviction—including the error, if any, in the denial of his motion to suppress.  See United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997) ("A defendant's unconditional plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." (quotation marks and alteration omitted)); see also Fed. R. Crim. P. 11(a)(2) (permitting a defendant to enter a conditional plea of guilty "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion").

### B. Sentence

On appeal, Williams challenges the district court's application of the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of the handgun

during his drug offense.[1]

Section 2D1.1(b)(1) increases the base offense level by two levels if "a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. (n. 3). In other words, the government need not establish a connection between the offense and the firearm, only that the firearm was present. United States v. Hall, 46 F.3d 62, 64 (11th Cir. 1995). "Once the prosecution has shown by a preponderance of the evidence that the firearm was present at the site of the charged conduct, the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable." Id. at 63.

Although conceding that the government met its burden and established by a preponderance of the evidence that the firearm was present at the time and place he was arrested, Williams argues that the § 2D1.1(b)(1) enhancement should not apply because (1) he was found asleep in a place open to the public and denied having any knowledge of the firearm and (2) the government declined to pursue the firearm charge in his indictment.

---

[1]We review for clear error the district court's findings of fact under U.S.S.G. § 2D1.1(b)(1), and we review de novo the application of the Guidelines to those facts. United States v. Pham, 463 F.3d 1239, 1245 (11th Cir. 2006).

The problem for Williams is that he did not present evidence that a connection between the firearm and the offense was "clearly improbable." Williams's sister's testimony, even if presented and credited by the district court, showed only that she did not see a firearm on the porch an hour before the officers arrived. And even if Williams had testified, the district court was not obligated to credit his self-serving testimony that he did not know where the gun between his legs came from. Although he was "passed out," Williams had all of the drugs on his person when the officers arrived, and the gun was well within arms reach. Finally, the government's dismissal of the firearm charge in the indictment did not prevent the district court from considering the handgun in determining Williams's sentence for the drug offense. See United States v. Lynch, 934 F.2d 1226, 1234 n.8 (11th Cir. 1991) (rejecting a defendant's argument that his sentence on drug convictions could not include a § 2D1.1(b)(1) enhancement because he was acquitted of a separate firearms charge in his indictment). The district court did not err in apply the two-level enhancement.[2]

**AFFIRMED.**

---

[2]Williams's request for oral argument is denied.