[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13664
Non-Argument Calendar

_____

D.C. Docket No. 0:19-cr-60261-RAR-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THEODORE PITTMAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 29, 2021)


Before JORDAN, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Theodore Pittman appeals his 84-month sentence imposed after his conviction for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Pittman contends the district court clearly erred in applying a sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense—drug trafficking. After review,[1] we affirm the district court.

Pittman asserts there was insufficient evidence to apply the U.S.S.G. § 2K2.1(b)(6)(B) sentencing enhancement because no drugs were found in the residence with the firearms. The Sentencing Guidelines provide for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The commentary to the guideline states the enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.* § 2K2.1, comment. (n.14(A)). The commentary further provides that, in the

---

[1] "A district court's determination that a defendant possessed a gun 'in connection with' another felony offense is a finding of fact that we review for clear error." *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 1274 (2020). "Clear error review is deferential, and we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." *United States v. Gordillo*, 920 F.3d 1292, 1297 (11th Cir. 2019) (quotation marks omitted).

case of a drug trafficking offense, the enhancement applies when a firearm is found in close proximity to drugs or drug paraphernalia. *Id*. § 2K2.1, comment. (n.14(B)). For the purposes of § 2K2.1(b)(6)(B), "[a]nother felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id*. § 2K2.1, comment. (n.14(C)).

The district court did not clearly err when it found Pittman possessed the firearms in connection with another felony because there was sufficient evidence to conclude Pittman was involved in drug trafficking out of the residence where the firearms were found. Pittman's argument, that the Government never discovered drugs in the residence, ignores other evidence connecting Pittman to drug trafficking. The Government met its burden of showing by a preponderance of the evidence that the facts warranted the enhancement. *United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015) (stating the burden is on the Government to show by a preponderance of the evidence that the facts warrant the enhancement). The evidence showed there were multiple vehicles coming and going from Pittman's residence, Pittman refused entry to law enforcement into his residence for 20-25 minutes, there were small plastic baggies and a digital scale in his residence, and the residence was nearly empty, aside from an air mattress. *See*

*United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989) ("The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing.").  Pittman's girlfriend also told law enforcement she had seen him with drugs, and there were text messages on Pittman's phone where he appeared to discuss drug deals.  While, as Pittman contends, baggies and a scale are not illegal to own, the district court did not clearly err when it agreed with the Government's construction of the facts and determined it was more likely than not that Pittman was trafficking drugs out of the residence.  *See United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012) (explaining under the preponderance of the evidence standard, the trier of fact must believe the existence of a fact is more probable than not).  Furthermore, the presence of drug paraphernalia alone is sufficient for § 2K2.1(b)(6)(B) to apply so it is irrelevant that the Government did not cite a case where the enhancement was applied without the discovery of drugs or drug residue.  *See* U.S.S.G. § 2K2.1, comment. (n.14(B)).

Next, the gun was in connection with Pittman's drug trafficking.  We have held the phrase "in connection with" should "be given its ordinary and natural meaning."  *United States v. Smith*, 480 F.3d 1277, 1280 (11th Cir. 2007) (addressing an enhancement under the former § 2K2.1(b)(5), now

4

§ 2K2.1(b)(6)(B)). Notably, we have given "the phrase 'in connection with' . . . an expansive interpretation." *United States v. Rhind*, 289 F.3d 690, 695 (11th Cir. 2002) (addressing the previous version of § 2K2.1(b)(6)(B)). In reviewing a similar guideline enhancement for drug distribution under U.S.S.G. § 2D1.1, we held that "[a] firearm found in close proximity to drugs or drug-related items simply '*has*'—without any requirement for additional evidence—the potential to facilitate the drug offense." *United States v. Carillo-Ayala*, 713 F.3d 82, 92 (11th Cir. 2013) (emphasis in original). This is because the firearm "has the potential to be used as a weapon." *Id.* at 95-96. We further explained that:

> [w]hile other facts, such as whether the firearm is loaded, or inside a locked container, might be relevant to negate a connection, there is a strong presumption that a defendant aware of the weapon's presence will think of using it if his illegal activities are threatened. The firearm's *potential* use is critical. The Sentencing Commission gives special status to guns found in proximity to drugs.

*Id.* at 92 (emphasis in original).

The guns facilitated and were "in connection with" Pittman's drug trafficking because his girlfriend stated he told her he kept his guns for protection. *See* U.S.S.G. § 2K2.1, comment. (n.14(A)). Further, the guns were physically close to the drug paraphernalia—both were in Pittman's house—and thus were in close proximity to each other. *See United States v. Gordillo*, 920 F.3d 1292, 1300 (11th Cir. 2019) (holding "close proximity" encompasses both "physical distance" and "accessibility"); *United States v. Hall*, 46 F.3d 62, 64 (11th Cir. 1995)

(concluding the enhancement was appropriate where the gun was in the same house where drug import discussions occurred).  Because the guns were in close proximity to the drug paraphernalia, they had the potential to facilitate a crime. *See Carillo-Ayala*, 713 F.3d at 92.  Accordingly, we affirm.

**AFFIRMED.**