[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14374
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00328-TCB-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FIDEL SOLIS-NUNEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 10, 2014)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Fidel Solis-Nunez appeals his 87-month sentence for conspiracy to distribute

and to possess with intent to distribute at least 500 grams of methamphetamine, in

violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii).  Solis-Nunez contends that his sentence is procedurally and substantively unreasonable.  He also contends that in calculating his offense level, the district court erred by denying him four-level reduction for being a minimal participant in the conspiracy and by imposing a two-level enhancement for possession of a firearm.

I.

Solis-Nunez contends that his 87-month sentence is procedurally unreasonable because the district court failed to properly consider the appropriate 18 U.S.C. § 3553(a) factors and sentenced him "based on clearly erroneous factors."  We review the reasonableness of a sentence under an abuse of discretion standard.  United States v. Irey, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc).  In the context of sentencing, the factors a district court must consider are set out in 18 U.S.C. § 3553(a).[1]  Irey, 612 at 1189–90.  Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines

---

[1] Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and the need to deter criminal conduct, to protect the public from the defendant's future criminal conduct, and to provide the defendant with necessary educational or vocational training or medical care, id. § 3553(a)(2)(A)–(D).

range."  United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).

The district court properly considered the § 3553(a) factors and did not sentence Solis-Nunez based on the wrong factors.  Solis-Nunez argued at sentencing, among other things, that the court should consider the fact that he was young and had no prior criminal history.  The record shows that the district court did consider that along with other facts specific to his offense and his history and characteristics.  The record also shows that the district court found that Solis-Nunez was entitled to safety valve relief.  See U.S.S.G. §§ 2D1.1(b)(16), 5C1.2.  As a result, he was not subjected to a ten-year mandatory minimum sentence that would have otherwise applied, and he received a two-level decrease in his offense level.  See id.

The court stated at the sentence hearing that it had considered all of the § 3553(a) factors and that, particularly in light of the adjustments that were made in calculating the guidelines range, a sentence at the low end of that range was appropriate.  See United States v. Scott, 426 F.3d 1324, 1329–30 (11th Cir. 2005) (holding that the district court is not required to state that it explicitly considered each factor or to discuss each factor, so long as the record reflects that it "adequately and properly considered" them).  Solis-Nunez has failed to show that his sentence is procedurally unreasonable.

Solis-Nunez also contends that his low end of the guidelines range sentence

is substantively unreasonable.  The party challenging the sentence bears the burden

of showing it is unreasonable in light of the record and the § 3553(a) factors.

United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010).  We will not reverse

the sentence as substantively unreasonable unless the district court "(1) fail[ed] to

afford consideration to relevant factors that were due significant weight, (2) [gave]

significant weight to an improper or irrelevant factor, or (3) commit[ed] a clear

error of judgment in considering the proper factors."  Irey, 612 F.3d at 1189

(quotation marks omitted).  We do not automatically presume that sentences within

the guideline range are reasonable, but we ordinarily expect them to be.  United

States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

When Solis-Nunez was arrested, he was preparing to transport

approximately .7 kilograms[2] of ice methamphetamine and was part of a conspiracy

that involved the storage and distribution of 13.85 kilograms of ice

methamphetamine.  Given the large amount of drugs involved, the district court

did not clearly err in imposing a guidelines range sentence despite Solis-Nunez's

lack of criminal history.  The district court was not required to explicitly state or

discuss or each § 3553(a) factor, see Scott, 426 F.3d at 1329–30, and Solis-Nunez

has not demonstrated that the court committed a clear error of judgment in

---

[2] Solis-Nunez's presentence investigation report indicates that he was delivering 648.3 grams of ice methamphetamine at the time of his arrest.  Both parties describe the amount as ".7 kilograms," and for that reason this opinion does the same.  Solis-Nunez does not challenge the amount of drugs involved.

weighing those factors, see Irey, 612 F.3d at 1189.  His 87-month sentence was at the low end of his guidelines range and far below the statutory maximum of life imprisonment, which are additional indications of its reasonableness.  See Hunt, 526 F.3d at 746; United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). Solis-Nunez has failed to show that his sentence is substantively unreasonable.

## II.

Solis-Nunez's offense level was reduced by two levels based on the district court's finding that he was a "minor participant" in the drug conspiracy.  See U.S.S.G. § 3B1.2(b).  He contends, however, that he should have received a four-level reduction for being a "minimal participant."  See id. § 3B1.2(a).  We review for clear error a district court's determination of a defendant's role in the offense. United States v. De Varon, 175 F.3d 930, 938 (11th Cir. 1999) (en banc).

A minimal participant adjustment is "intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group," and minimal participation may be indicated by a defendant's "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others."  U.S.S.G. § 3B1.2. cmt. n.4.  A minor participant adjustment applies to a defendant who is "less culpable than most other participants, but whose role could not be described as minimal."  Id. cmt. n.5.  The proponent of the downward adjustment bears the burden of proving a mitigating role in the offense by a

5

preponderance of the evidence.  De Varon, 175 F.3d at 939.

The district court did not clearly err in finding that Solis-Nunez played a minor role, as opposed to a minimal one, in the drug conspiracy.  The .7 kilograms of ice methamphetamine that Solis-Nunez was transporting to a co-conspirator when he was arrested is a significant amount of drugs; it falls within the second-highest category used in determining base offense levels for drug conspiracy offenses.  See U.S.S.G. § 2D1.1(c)(2); De Varon, 175 F.3d at 943 (noting that the amount of drugs involved can be relevant to determining a drug courier's role in an offense).  Furthermore, Solis-Nunez's relevant conduct included all 13.85 kilograms of ice methamphetamine involved in the conspiracy.  Solis-Nunez contends that he was just a one-time courier, but phone transcripts show that almost a month before he was arrested in the act of transporting drugs, he was connected to the stash house where he was later arrested and where the drugs were located.  The transcripts also show that he was involved in weighing and packaging drugs in addition to transporting them.  The district court did not clearly err by applying a two-level minor participant downward adjustment to Soliz-Nunez's offense level instead of a four-level minimal participant adjustment.

## III.

Finally, Solis-Nunez contends that the district court erred by increasing his offense level under U.S.S.G. § 2D1.1(b)(1) based on possession of a firearm as

part of a drug conspiracy.  We review for clear error the district court's finding that the § 2D1.1(b)(1) applies.  See United States v. Hall, 46 F.3d 62, 63–64 (11th Cir. 1995).  To be clearly erroneous, the district court's finding must leave us with a "definite and firm conviction that a mistake has been committed."  United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010) (quotation marks omitted).

If a firearm was possessed as part of a drug conspiracy offense, a defendant's base offense level is increased by two levels.  U.S.S.G. § 2D1.1(b)(1).  Once the government shows that a firearm was present, "the evidentiary burden shifts to the defendant to show that a connection between the firearm and the offense is clearly improbable."  Hall, 46 F.3d at 63.

Here, the government carried its burden to show that a firearm was present.  Undisputed evidence established that a pistol was found in the garage of the stash house where Solis-Nunez was arrested.  As a result Solis-Nunez bore the burden of showing that any connection between the pistol and his drug conspiracy offense was "clearly improbable."  See id.  He failed to do so.  The pistol was not merely present in the stash house—it was located on top of the drugs that were found in the garage where Solis-Nunez was arrested in possession of drugs.  See id. at 64 (discussing the proximity of the firearm to "drug-related objects" as supporting the enhancement).  The district court did not clearly err in applying a two-level enhancement for the presence of a firearm.

**AFFIRMED.**